## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| *JOSE "JOEY" DELAROSA*, | § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. |
| *GUY E. MATTHEWS, CPM, LLC; MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC; TIMOTHY S. THOMAS; LO-PRO FLUID TRANSPORTS, LLC;* AND *KEVIN CURBO*, | § § § § § § | |
| Defendants | | |

*Removed From*

**CAUSE NO. 2015-227**

| | | |
|---|---|---|
| *JOSE "JOEY" DELAROSA*, | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § § | OF RUSK COUNTY, TEXAS |
| *GUY E. MATTHEWS; CPM, LLC; MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC; TIMOTHY S. THOMAS; LO-PRO FLUID TRANSPORTS, LLC;* AND *KEVIN CURBO*, | § § § § § § § | 4TH JUDICIAL DISTRICT |
| Defendants. | | |

# GUY E. MATTHEWS, CPM, LLC, MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO'S NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THIS COURT:**

Please take notice that **GUY E. MATTHEWS** ("Matthews"), **CPM, LLC** ("CPM"), **MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC** ("MLM&J") **TIMOTHY S. THOMAS** ("Thomas"), **LO-PRO FLUID TRANSPORTS, LLC** ("Lo-Pro") and **KEVIN CURBO** ("Curbo") (collectively, "Defendants"), Defendants in the above-captioned action, hereby file jointly file this Notice of Removal of this civil action to the United States District Court for the Eastern District of Texas, Tyler Division, from the Fourth Judicial District Court of Rusk County, Texas, pursuant to its federal question jurisdiction as provided by 28 U.S.C. §§ 1338 and 1446 and 35 U.S.C. § 256. The grounds for removal are more particularly stated as follows:

### I. PROCEDURAL HISTORY

1. On or about June 4, 2015, Jose "Joey" DeLaRosa ("DeLaRosa" or "Plaintiff") filed an Original Petition[1] in Rusk County, Texas against Defendants making a number of claims arising out of a business dispute over a patent in which Plaintiff was a co-inventor. He brought multiple claims for relief against all Defendants including, but not limited to, as to Thomas—his co-inventor—breaches of fiduciary duty, conversion/constructive trust, and misappropriation of trade secrets; against Matthews and the Firm MLM&J for professional negligence, breaches of fiduciary duty, aiding and abetting Thomas's fiduciary duty breach and tortious inference with business relationship; against CPM, Curbo and Lo-Pro for aiding and abetting Thomas's breach of fiduciary duty, misappropriation of trade secrets and conversion and constructive trust, among other claims.

---

[1] A true and correct copy of Plaintiff's Original Petition is attached hereto as "Exhibit 1".

2. On or about April 29, 2016, Plaintiff filed his First Amended Petition.[2] Plaintiff expanded the factual allegations and asserted additional claims for relief against some or all of the Defendants including fraud, fraud by nondisclosure, and breach of contract. In both his Original and First Amended Petitions, Plaintiff's factual allegations emphasized the business dispute regarding the patent that he co-invented with Defendant Thomas ("232 Patent"). While acknowledging the existence of a second patent co-invented by Defendants Thomas and Curbo, he never made any direct claim of inventorship to U.S. Pat. No. 8,801,040 (the '040 Patent) titled "Low-Profile Vacuum Tank Trailer for Transporting Flowable Materials."

3. On or about June 1, 2016, Plaintiff filed his Second Amended Petition,[3] in which, for the first time, he attempted to disavow any "claim, cause of action, recovery or damages under 28 U.S.C.§1338 or any civil action arising under any Act of Congress relating to patents for the purpose of this litigation only."[4] Thereafter, Plaintiff DeLaRosa, in his deposition[5] taken testified under oath as follows:

> **Q.:** [By Attorney Stephens] Okay, Now, what we have done now is we have gone through each of the elements of this Claim Number 1 of the 040 patent, and it's my understanding, just so I'm clear, it is your position that you contributed to or helped invent every element of that claim; is that correct?

---

[2] A true and correct copy of Plaintiff's First Amended Petition is attached hereto as "Exhibit 2".

[3] Despite its certificate of service representing that it was filed on May 1, 2016, the Second Amended Petition was not filed until the evening of June 1, 2016, the day before the Plaintiff's deposition was taken. A true and correct copy of Plaintiff's Second Amended Petition is attached hereto as "Exhibit 3".

[4] *Id*. at ¶3.03.

[5] A true and correct copy of various pages (pp. 1-5; 201-320 and 329-331) of the Deposition of Jose DeLaRosa taken June 2, 2016, ("Delarosa Dep. Vol. I") are attached hereto as "Exhibit 4".

**A.:** [By Plaintiff DeLaRosa] Me and Mr. Thomas worked together on it.[6]

**Q.:** [By Attorney Stauch] And if you're building a trailer at that time, this would be in early 2011, right?

**A.:** Give or take.

**Q.:** If you building trailers at that point, those would be 232 patent trailers, correct?

**A.:** Correct.

**Q.:** And when I say the 232 patent trailers, that would include what ultimately got patented much later than the 232 patent and anything that you guys were working on to improve it?

**A.:** Correct.[7]

**Q.:** Okay. And was it the same idea that was continuing to be worked on that started with Global Fab and then was Lo-Pro?

**A.:** That is correct.

**Q.:** And was that your idea along with Mr. Thomas's idea?

**A.:** Absolutely.

**Q.:** Did Mr. Curbo have anything to do with that idea?

**A.:** Absolutely not.[8]

**Q.:** (BY MR. STAUCH) Is the – do you know what we're talking about – obviously, we've used the terms 232 patent was the one that you and Mr. Thomas are on and the 040 patent is the next one that Mr. Thomas and Mr. Curbo are on?

**A.:** Yes.

---

[6] *Id.* at p. 201, 1-7.

[7] *Id.* at p. 258:5-15.

[8] *Id.* at p. 259:9-18.

**GUY E. MATTHEWS, CPM, LLC, MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO'S NOTICE OF REMOVAL**  PAGE 4

7869.15975.00074P-2318217v.2

**Q.:** And one of the primary distinctions between those two, and there may be others, but one of the primary distinctions is that false compartment; is that fair?

**A.:** Correct.[9]

**Q.:** (BY MR. STAUCH) When you were with Global Fab, did you consider the false compartment to be a novel idea?

    MR. CAMPBELL: Objection, form.

**A.:** Yes.

**Q.:** (BY MR. STAUCH) State whether or not you believed the false compartment was a novel idea when you were with Global Fab.

**A.:** Yes, it was.

**Q.:** Okay, And when you continued to work on the false compartment idea with Lo-Pro, did you do that because you believed that you were a part of Lo-Pro?

    MR. CAMPBELL: Objection, form.

**A.** I was told I was going to be a part of Lo-Pro.[10]

**Q.:** (BY MR. STAUCH) Do you consider there to be any distinction between the – your invention and the 040 patent?

    MR. CAMPBELL: Objection, form.
    MR. STEPHENS: Objection, form.

**A.:** No.[11]

**Q.:** (BY MR. STAUCH) And your patent – this doesn't just limit it to your patent. It talks about the invention, which includes any reasonable extensions of your patent?

**A.:** Any extensions of my patent, period.

---

[9] *Id.* at p. 263:7-17.

[10] *Id.* at p. 269:3-16.

[11] *Id.* at p. 279:8-13.

**GUY E. MATTHEWS, CPM, LLC, MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO'S NOTICE OF REMOVAL**    **PAGE 5**

7869.15975.00074P-2318217v.2

**Q.:** Which would obviously include the very ideas that you were already working on at that time?

**A.:** Yes.[12]

**Q.:** All right. And if you had assigned the 232 patent, Mr. Delarosa, do you think that we'd be sitting here today?

    MR. CAMPBELL: Objection, form.

**A.:** No, we would not.

**Q.:** (BY MR. STAUCH) Would there be an 040 patent without your name on it?

    MR. CAMPBELL: Objection, form.

**A.:** No, there would not.[13]

**Q.:** (BY MR. STAUCH) You were asked questions about how Mr. Thomas – whether or not Mr. Thomas made any false statements to you. I think it was in connection maybe with the fraud claims.

**A.:** Right.

**Q.:** Do you recall that?

**A.:** A little bit.

**Q.:** Well, Exhibit 3 is your agreement with Mr. Thomas, fair?

**A.:** Yes, it is.

Q.: Are these representations that you made to each other?

**A.:** Yes.

**Q.:** Basically if we boil that down and your understanding, are you both agreeing with each other that, hey, I'm not going to run off and use our idea without you?

    MR. CAMPBELL: Objection, form.

---

[12] *Id.* at p. 289:5-12.

[13] *Id.* at p. 293:6-14.

**GUY E. MATTHEWS, CPM, LLC, MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO'S NOTICE OF REMOVAL**   **PAGE 6**

7869.15975.00074P-2318217v.2

       MR. STEPHENS: Objection, form.

**Q.:** (BY MR. STAUCH) Is that a fair way to put that agreement

       MR. CAMPBELL: Objection, form.
       MR. STEPHENS: Objection, form.

**A.:** Yes.[14]

**Q.:** And now you know that that's, in fact, exactly what he's done is taken your trailer idea and even your false compartment idea and he's run off and used it without you?

       MR. CAMPBELL: Objection, form.
       MR. STEPHENS: Objection, form.

**Q.:** (BY MR. STAUCH) Right?

**A.:** Absolutely.[15]

**Q.:** (BY MR. STAUCH) Was failing to object to the 040 patent on your behalf or include you on the 040 patent one of those steps?

       MR. CAMPBELL: Objection, form.

**A.:** Yes.[16]

**Q.:** All right. You were asked some questions on Exhibit 11. Do you want to get that out? That's the 040 patent.

**A.:** Okay.

**Q.:** Do you remember when Mr. Stephens asked you to go through individually all of the elements of that first claim, the independent claim?

**A.:** Yes.

---

[14] *Id.* at p. 294:12-295:10.

[15] *Id.* at p. 295:14-21.

[16] *Id.* at p. 299:15-19.

**GUY E. MATTHEWS, CPM, LLC, MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO'S NOTICE OF REMOVAL**   **PAGE 7**

7869.15975.00074P-2318217v.2

| | |
|---|---|
| Q.: | It's on – it's on the back page, I think last page of the exhibit. Starting down here at "we claim." |
| A.: | Right. |
| Q.: | Was there anything in that independent claim that you don't believe that you had a hand in inventing? |
| A.: | That's correct. |
| Q.: | Was there anything – |
| A.: | No. |
| Q.: | -- there that you don't believe you had a hand in inventing? |
| A.: | Huh-uh.  Yes, I did. |
| Q.: | I still don't think we have a clean answer. |
| A.: | No, we don't. |
| Q.: | Is there anything as you read that first claim on the 040 patent, that you think you weren't involved in inventing? |
| A.: | I was involved in it. |
| Q.: | All the elements in that first claim? |
| A.: | Yes,. |
| Q.: | And have you examined all of the areas of the claims there in the 040 patent to determine – or ask someone to explain them to you so you could determine whether or not you were involved in this? |
| A.: | I would have to contact my patent attorney so he could sit down and go over it with me. |
| Q.: | Do you have another patent attorney other than Guy Matthews? |
| | MR. CAMPBELL:  Objection, form. |
| A.: | Just Guy Matthews |
| Q.: | (BY MR. STAUCH)   At this point, would you trust anything that Guy Matthews told you? |

    MR. CAMPBELL: Objection, form.
    MR. STEPHENS: Objection, form.

A.:   No.

Q.:   (BY MR. STAUCH) You were asked another question by Mr. Stephens about whether or not the word descriptions in the 040 patent, Exhibit 11 here, fairly described the diagram of the first page. Do you remember that?

A.:   Yes.

Q.:   All right. Now, that was referring to Exhibit 11, the 040 patent. And if you look at your patent, the 232 patent, which is Exhibit 6, do you see that?

A.:   I do.

Q.:   If the word descriptions in the back of the 040 patent fairly describe the diagram on the first page of the 040 patent , and the diagram on the first page of the 040 patent is the exact same diagram on the first page of the 232 patent, then do the words in the back of the 040 patent fairly describe the diagram on the 232 patent?

    MR. CAMPBELL: Objection, form.

A.:   Yes.[17]

Q.:   Whether or not they met the DOT regulations in the format that's depicted in Exhibit 19, if that false compartment made it into the 040 patent, is it your understanding that you and others continued to refine that idea?

    THE VIDEOGRAPHER: Ten minutes of tape left.

    MR. STEPHENS: Objection, form.
    MR. CAMPBELL: Objection, form.

A.:   Yes.

Q.:   (BY MR. STAUCH) And you participated even both at Global Fab and in Lo-Pro in refining that idea?

A.:   Yes.

---

[17]   *Id.* at p. 302:23-305:9.

> Q.: And whether or not you were around or your name appears on the 040 patent doesn't take away the fact that that's your idea with Scott Thomas?
>
> MR. STEPHENS: Objection, form.
> MR. CAMPBELL: Objection, form.
>
> Q.: (BY MR. STAUCH) Is that right?
>
> A.: Absolutely.[18]

4. It was not until this testimony was taken on June 2, 2016, that Defendants became aware of Plaintiff's claim to inventorship of the '040 Patent which is a singular matter of federal law. 28 U.S.C. § 1338(a) (grants district courts jurisdiction over "any civil action arising under any Act of Congress relating to patents"); 35 U.S.C. § 256 (addresses inventorship of "issued patent[s].")

## II.  TIMING

5. This Notice of Removal is filed within thirty (30) days of receipt of the testimony which invoked the federal question jurisdiction of this Court, and is therefore timely filed under 28 U.S.C. § 1446(b).

## III.  BASIS OF REMOVAL AND VENUE

6. Venue is proper in the Eastern District of Texas, Tyler Division under 28 U.S.C. §1441(a) because the state court in which the action is pending is located in this district.

7. Removal is proper under 28 U.S.C. § 1338 because despite Plaintiff's attempts to disavow any recovery under 28 U.S.C. § 1338[19], the essence of his claims against all Defendants

---

[18] *Id.* at p. 319:23-320:17.

[19] Exhibit "3", ¶3.03.

cannot be decided as a matter of law without a determination that whether Plaintiff is an inventor of the '040 Patent. Section 1338(a) grants district courts jurisdiction over "any civil action arising under any Act of Congress relating to patents" and 35 U.S.C. § 256[20] addresses inventorship of "issued patents." Section 256 expressly empowers federal courts to correct inventorship errors relating to issued patents. *CamSoft Data Sys. v. Southern Elecs. Supply, Inc.*, 2015 U.S. App. LEXIS 16891, *11 (5th Cir. 2015); citing *E.I. Du Point de Nemours & Co. v. Okuley*, 344 F.3d 578, 583-84 (6th Cir. 2003).

8. A case "aris[es] under" federal patent law for the purpose of § 1338(a) jurisdiction only when "a well-pleaded complaint establishes either that patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Camsoft Data Sys.*, 2015 U.S. App. LEXIS at *19; citing *Christianson v. Colt. Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). "[M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law." *Camsoft Data Sys.*, 2015 U.S. App. LEXIS at *19-20; citing *Holmes Grp. Inc. v. Vornado Air Circulation Sys. Inc.*, 535 U.S. 826, 830 (2002). "[A] plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent-law questions." *Camsoft Data Sys.*, 2015 U.S. App. LEXIS at *20; citing *Christianson*, 486 U.S. at 809 n.3. Here, Plaintiff claims damages as if he was a co-inventor of the '040 Patent in the Second Amended Petition[21].

---

[20] (a) Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
(b)…The court before such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

[21] ¶6.01 DeLaRosa suffered damages as a result of the Defendants' conduct complained of herein. These damages include, but are not limited to:

Plaintiff is seeking damages relating to the '040 Patent including the profits from the '040 Patent. It is apparent that Plaintiff purposely neglected to reference the dispute of inventorship (a question of federal patent law) of the '040 Patent to avoid the removal of the case to the federal court. However, "[w]hen state law claims require a determination of inventorship, they 'necessarily involve a substantial question of federal patent law." *Pressure Sys. Int'l v. Airgo IP, L.L.C.*, 437 Fed. Appx. 299, 301 (5th Cir. 2011); citing *Shum v. Intel Corp.*, 633 F.3d 1067, 1076 n.4 (Fed. Cir. 2010). Thus, the state court cannot adjudicate Plaintiff's claims without the case being removed in order for the federal court to first determine whether Plaintiff is a co-inventor of the '040 Patent.

### IV. PARTIES AND CASE STATUS

9. Plaintiff Joey DeLaRosa is an individual resident of the State of Texas who has appeared in the state court matter through counsel.

10. Defendant Guy E. Matthews is an individual resident of the State of Texas who has appeared in the state court matter through counsel.

11. Defendant CPM is a Texas limited liability company that has appeared in the state court matter though counsel.

---

(i) the value of the 232 Patent if said value was not diminished by the 040 Patent;

   […]

(iii) the value of the 040 Patent (which is based at least in part on DeLaRosa's drawings), including all profits recognized (or to be recognized) by any Defendant as a result of the 040 Patent or any equipment manufactured or licensed using its design; and

(iv) the Membership units of Lo-Pro (or the value of same) rightfully accorded to DeLaRosa as the substitute entity for GlobalFab selling or licensing low profile trailers using the 232 Patent and/or the 040 Patent as a related product to the 232 Patent.

12. Defendant MLM&J is a Texas professional limited liability company that has appeared in the state court matter though counsel.

13. Defendant Thomas is an individual resident of the State of Texas who has appeared in the state court matter though counsel.

14. Defendant Lo-Pro Fluid Transports, LLC is a Texas limited liability company that has appeared in the state court matter through counsel.

15. Defendant Curbo is an individual resident of the State of Texas who has appeared in the state court matter though counsel.

16. The underlying litigation is pending.

### IV. AMOUNT IN CONTROVERSY

17. This case has been removed based upon federal question jurisdiction under 28 U.S.C. §§ 1338 and 1446 and 35 U.S.C. § 256. Regardless, Plaintiff seeks monetary relief of more than $1,000,000.00.

### VI. NOTICE TO STATE COURT

18. In accordance with 28 U.S.C § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the District Clerk of Rusk County, Texas promptly after the filing of this Notice of Removal.

### VII. ATTACHMENTS

19. All pleadings, process, and other filings in the state court action are attached to this notice as required by 28 U.S.C. § 1446(a) and Local Rule CV-81 Removed Actions.

### VIII. CONSENT OF ALL PARTIES

20. Defendants jointly have brought removal and thereby all consent to the removal of the state action to this Court.

### IX. CONCLUSION

21. For the foregoing reasons, GUY E. MATTHEWS ("Matthews"), CPM, LLC ("CPM"), MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC ("MLM&J") TIMOTHY S. THOMAS ("Thomas"), LO-PRO FLUID TRANSPORTS, LLC ("Lo-Pro") and KEVIN CURBO ("Curbo") requests that this Court place this case on the docket of the United States District Court of the Eastern District of Texas, Tyler Division.  Defendants further request a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiff.

June 22, 2016

Respectfully submitted,

*/s/ Susan A. Schwartz*
Susan A. Schwartz (TSBN 00797900)
susan.schwartz@wilsonelser.com
Valeri C. Williams (TSBN 24058797)
valeri.williams@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202
(214) 698-8000 - telephone
(214) 698-1101 – telecopier

Kenneth R. Breitbeil (TSBN 02947690)
kbreitbeil@mcfall-law.com
Norma N. Bennett (TSBN 24028492)
nbennett@mcfall-law.com
**MCFALL, BREITBEIL & EIDMAN, P.C.**
4400 Post Oak Parkway, Suite 2850
Houston, Texas 77027
713-590-9330 - telephone
713-590-9399 – telecopier

Bruce A. Campbell (TSBN 03694500)
bcampbell@cllegal.com
**CAMPBELL & ASSOCIATES**
4201 Spring Valley Road, Suite 1250
Dallas, Texas 75244
972-277-8585 – telephone
972-277-8586 – telecopier

**ATTORNEYS FOR DEFENDANTS GUY E. MATTHEWS AND MATTHEWS, LAWSON, MCCUTCHEON & JOSEPH, PLLC**

*/s/ Kelly D. Stephens*
Kelly D. Stephens (TSBN 19158300)
kelly.stephens@hotmail.com
**KELLY D. STEPHENS, ATTORNEY AT LAW**
P.O. Box 79734
Houston, Texas 77279-9734
281-394-3287 – telephone
832-476-5460 – telephone

**ATTORNEYS FOR DEFENDANTS CPM, LLC, TIMOTHY S. THOMAS, LO-PRO FLUID TRANSPORTS, LLC AND KEVIN CURBO**

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that a true and correct copy of *Defendants' Notice of Removal* was duly served upon the following parties entitled to receive notice, in accordance with Federal Rules of Civil Procedure, this 22nd day of June, 2016.

Thomas R. Stauch (TSBN 007943687)
tstauch@ns-law.net
Mark C. Roberts, II (TSBN 00782993)
mroberts@ns-law.net
**NOWACK & STAUCH, LLP**
10000 North Central Expressway, Suite 1040
Dallas, Texas 75231
214-823-2006 - telephone
214-823-2007 - telecopier

**ATTORNEYS FOR PLAINTIFF
JOSE DELAROSA**

                                                              */s/ Susan A. Schwartz*
                                                              SUSAN A. SCHWARTZ